RAYMOND McMANUS, ADMINISTRATOR OF THE ESTATE OF DANNY MICHAEL WYATT v. JOHN GAMBILL, ADMINISTRATOR OF THE ESTATE OF BURL WILLIAM LOVE, INDIVIDUALLY; BILLY WILLIAM LOVE, INDIVIDUALLY; DOUGLAS JAMES BROWN; NATIONWIDE MUTUAL INSURANCE COMPANY; BURL WILLIAM LOVE AND BILLY RAY BURKE, T/D/B/A B & B USED CARS

No. 8223SC234

(Filed 1 February 1983)

**Appeal and Error § 45— appellate review limited to questions presented**

Where the entry of summary judgment was assigned as error, but the only question presented in an appellant's brief for review was whether liability insurance policies covered a fatal accident which was the subject of the action, under Rule 28(a) of the Rules of Appellate Procedure, the appeal must be dismissed in that the appellate court's review is limited to questions presented by the appellant's brief.

APPEAL by plaintiff from *Davis, Judge*. Judgment entered 1 December 1981 in Superior Court, WILKES County. Heard in the Court of Appeals 14 January 1983.

This wrongful death action arose out of an automobile accident. According to the pleadings of the parties involved in this appeal, plaintiff's decedent, Danny Michael Wyatt, was a passenger in a car registered in the name of the defendant Brown, but operated by the defendant Gambill's decedent, Burl William Love, who along with the defendant Burke, jointly owned and conducted a business known as B & B Used Cars. The appellees Burke and B & B Used Cars denied that Love was about that enterprise's business when the fatal accident occurred and

McManus v. Gambill

alleged that he was on a personal venture of his own. During discovery many depositions were taken, much of the testimony being about Love's purpose in using the car on the occasion involved and the different liability insurance policies that various of the defendants and their spouses had.

The defendants Burke and B & B Used Cars then moved for summary judgment on the ground that there was no evidence that the decedent Love was acting as their agent at the time of the accident. After a hearing before Judge Davis, judgment allowing the motion was entered and the plaintiff appealed. Though the entry of the judgment was assigned as error, the only question presented in the brief for review was whether the liability insurance policies of B & B Used Cars and its partners covered the fatal accident.

*Franklin Smith for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allen R. Gitter, for defendant appellee Billy Ray Burke, d/b/a B & B Used Cars.*

PHILLIPS, Judge.

Since, under Rule 28(a) of the Rules of Appellate Procedure, our review is limited to questions presented by the appellant's brief, the appeal must be dismissed.

The correctness of the summary judgment eliminating B & B Used Cars and the defendant Burke from the case not having been presented for our consideration, no opinion is expressed about it. Nor can we consider the insurance question that was presented, since that question was not ruled on by the trial judge.

Appeal dismissed.

Judges WEBB and BECTON concur.